Per Curiam.

The defendant is apparently content with the finding of the jury regarding its negligence, and it does not claim that the verdict was the result of passion and prejudice. The only error assigned, raising the only question before us, is that “the amount of recovery in the Court of Common Pleas * * * was too large and not sustained by any evidence,”
*355 The evidence adduced at trial would support findings by the jury, with regard to Zimmerman’s damages, that personal property of a value of $7,350 was destroyed; that Zimmerman’s business earned $2,866 in profits in 1950, the first year the business operated with him as sole proprietor, and $3,397 in 1951; that said increase represents an increase in profits of approximately 18 per cent in the second year of business; that the business earned profits of $1,671 for the first five months of 1952, up to the date of the fire; that this represents an increase of approximately 18 per cent over the average monthly profits for 1951; that the first five months of the year were Zimmerman’s “slack season”; and that he earned $1,000 from an outside source during the period from May 27,1952, the date of the fire, to December 18, 1952, the date the building which had housed his business had been renovated for occupancy.
It is seen from this evidence that the jury could, by exercising its right to believe and disbelieve and by using its cumulative judgment, arrive at more than one figure which would be sustained by the evidence as representing the damage suffered by Zimmerman for which he should be compensated.
It is also seen, however, that by no method without speculation will such facts support a finding of compensable damages amounting to $11,900, the amount awarded by the jury.
It is not argued that the evidence does not support the figure of $7,350 as the amount of damage to the tangible personal property of Zimmerman. The dispute is whether the remaining evidence supports a finding of $4,550 as the amount of profits lost by Zimmerman for the period between May 27, and December 18, 1952.
Defendant concedes that it interrupted a “going business,” by including, in the amount of liability to which it accedes for the purpose of considering a remittitur, a recovery for loss of profits. The defendant argues that this amount should be based upon Zimmerman’s net profits for 1951. It is apparent, however, that there is evidence from which the jury could have found that he would have made increased profits in 1952 of at least 18 per cent over those of 1951. It apparently found this and more in rendering its verdict in the amount of $11,900.
We conclude, however, that the evidence hereinbefore set *356 out will not support a verdict free of speculation, which, includes a finding that Zimmerman would have made a percentage of increase in profits in 1952 which would be greater than 18 per cent.
We find, therefore, that there is no evidence from which the jury could determine without speculation that Zimmerman would have made profits in excess of approximately $4,008 in 1952. Subtracting the profit actually made in that year ($1,671), the jury could not have awarded him more than $2,337 in loss of profits. This amount added to the $7,350 mentioned earlier results in a total figure of $9,687, which represents not necessarily that figure at which this court would have arrived had it been the jury, for we do not weigh the evidence, but solely that figure which we would not feel at liberty to declare excessive.
Defendant argues that the $1,000 which Zimmerman is alleged to have earned from a collateral source should be set off against any amount allowed as loss of profits. We note, however, that the case went to the jury under a very general charge by the court with regard to loss of profits, and that defendant, although excepting generally and specifically to that part of the charge regarding damages and loss of profits, made no request that the court charge the jury concerning mitigation and failed to call the court’s attention to such alleged omission in the failure to so charge. It is also noted that the charge of the .trial court is not assigned as an error by defendant in its appeal to this court. The question is not before us.
In conclusion, if the plaintiffs will consent to a remittitur of $2,213, the judgment of the Court of Appeals, less $2,213, will be affirmed.
If the plaintiffs do not, within 30 days from date hereof, file with the clerk of this court their consent to a remittitur of $2,213, then the judgment will be reversed and the cause remanded for a new trial.

Judgment accordingly.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.